# EXHIBIT A

James D. "Mitch" Vilos #3333
Attorney at Law, P.C.
P.O. Box 1148
Centerville, UT 84014
(801) 560-7117
E-mail: mitchvilos@gmail.com
*Attorney for Plaintiff*

| THIRD DISTRICT COURT - SALT LAKE SALT LAKE COUNTY, STATE OF UTAH ||
|---|---|
| RHONDA PACHECO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Walmart STORES, INC., a corporation; and John Does I -III, individuals,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(TIER 3)**<br><br><br>CASE NO.: 210901856<br><br><br>HONORABLE RANDALL SKANCHY |

Plaintiff, by and through counsel, hereby complains and for cause of action alleges the following:

1

## PARTIES

1.    At the time of the incident complaint of hearing Plaintiff resided in Salt Lake County County, State of Utah; she now resides in Cache County Utah.

2.    Upon information and belief, Defendant Walmart Stores, Inc. (hereinafter "Walmart") is a Arkansas corporation that regularly does business within Salt Lake County, State of Utah.

3.    Upon information and belief, Defendant John Does are residents of Salt Lake County, Utah, at least one of whom was an employee of Defendant Walmart.

## JURISDICTION AND VENUE

4.    The Third Judicial District Court in and for Salt Lake County, State of Utah, has jurisdiction of the claims asserted below pursuant to the provision of §78A-5-102, Utah Code Ann. (1953 as amended).

5.    Venue is properly laid before the Third Judicial District Court in and for Salt Lake County, State of Utah, pursuant to the provisions of §78B-3-307, Utah Code Ann. (1953 as amended), as the causes of action alleged below arose within Salt Lake County, State of Utah.

6.    Pursuant to Rule 26(c)(3), of the New Utah Rules of Civil Procedure, the amount in controversy exceeds $300,000.00, qualifying this claim for a Tier 3 standard discovery.

## GENERAL ALLEGATIONS OF FACT

7.    Plaintiff, by and through this reference, hereby incorporates paragraphs nos. 1 through 6 above, as if fully set forth herein.

8.    At all times relevant herein, defendant Doe, was the agent and employee of Walmart acting within the purpose and the scope of his agency and/or employment.

9. On August 14th, 2019, Does I through III in attempting to restock the ice machine at the Walmart store located 5469 S Redwood Rd, Taylorsville, UT 84123, carelessly and negligently allowed water and ice to accumulate on the floor around the ice machine. At least one of said Does was an agent and employee of Walmart. Said employee(s) failed to clean up said water and ice or warn customers of the wet, slippery floor. The true identities of said Doe Defendants will be ascertained through formal discovery proceedings and this complaint will be amended to add them by their true names upon discovery.

10. Plaintiff was a customer and invitee at said store having purchased items on said date. As she approached the location in the store where the water had accumulated she was unaware of the water on the floor.

11. Consequently Plaintiff, through no fault of her own, slipped and sustained multiple injuries ultimately requiring surgery for a rotator cuff and spinal injections for chronic neck and spinal pain.

12. Her fall occurred as a direct and proximate result of the actions and omissions of said employees or independent contractors of Defendant Walmart.

13. As a direct and proximate result of the negligent acts or omissions of Defendants, Plaintiff has sustained severe and continuing bodily injuries which cause her great pain and anguish, disability, and loss of enjoyment of life which will continue in the future, to Plaintiff's general damage, in an amount to be determined at the time of trial in this matter.

14. As a further proximate result of the negligence of the Defendants, Plaintiff was required to, and did, employ physicians for medical examinations, operations, treatment, and care of these

injuries, and did incur medical and incidental expenses in a sum to be determined at the time of trial.

15. As a further proximate result of the negligence of the Defendants, Plaintiff will be required to employ physicians for medical examinations, operations, treatment, and care of these injuries, and will incur medical and incidental expenses in a sum to be determined at the time of trial.

16. Plaintiff will, in the future, be prevented from working in her usual occupation and will be permanently partially disabled. Therefore, the defendants' negligence has impaired plaintiff's future earning capacity and has resulted in a substantial loss of past and future earnings, all to her damage in a sum to be established at trial.

## **FIRST CLAIM FOR RELIEF AGAINST DOE DEFENDANTS (Negligence)**

17. Plaintiff, by and through this reference, hereby incorporates paragraphs nos. 1 through 16, above, as if fully set forth herein.

18. Doe Defendants owed a duty of care to Plaintiff to maintain their premises in a reasonable and safe manner.

19. Doe Defendants breached this duty and acted negligently by:

   a. Failing to restock said ice machine without allowing water and ice to spill onto the floor where they knew or should have known customers would traverse;

   b. Failing to properly inspect the floor around the ice machine to ensure it is safe;

   c. Failing to warn customers of water and ice that had spilled upon the floor; and/or

   d. Any other acts and/or omissions that may later be discovered.

20. Defendant Doe's breach of their duty of care constitutes negligence.

21. Doe Defendants are liable to the plaintiff for damages in such categories and amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT WALMART (Negligence/ Respondeat Superior)

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 above.

23. Walmart is responsible and liable for all of plaintiff's injuries and damages caused as a result of the negligence or other actions of Does as alleged above because Walmart is the principal or superior of said employees.

24. Plaintiff has been damaged as alleged in the factual allegations above, and should be awarded such damages and punitive damages as are proven at trial.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT WALMART (Premises Liability)

25. Plaintiff incorporates all the preceding paragraphs and further alleges the following:

26. Upon information and belief, Defendant Walmart owned and/or operated the Taylorsville, Utah Walmart.

27. Plaintiff was a business invitee during all relevant times at the Taylorsville Walmart.

28. Defendant Walmart knew or should have known that the above-described conditions presented an unreasonable risk of harm to its business invitees, including Plaintiff.

29. Defendant Walmart knew or should have known that invitees would not have easily discovered the unreasonable risk of harm as described above.

30. Defendant Walmart had a non-delegable duty to eliminate and warn of dangerous conditions upon the premises.

31. Defendant Walmart breached its duties of care to Plaintiff by, among other things, failing to warn about the dangerous condition described above.

32. As a direct and proximate result of such breaches, Plaintiff has sustained the damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) For special damages including, but not limited to, past medical expenses, future medical expenses, lost income, lost future income and income capacity, loss of household services, and other economic expenses and losses in amounts to be determined at trial;

(b) For general damages, pain and suffering and loss of enjoyment of life in amounts to be determined at trial;

(c) For costs, interest and attorney fees to the extent allowed by law; and

(d) For such other relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38(b), Utah R. Civ. P., Plaintiff demands a trial by jury and tenders herewith the statutory jury fee.

DATED this 12th day of April, 2021.

James D. Vilos, PC.

Plaintiffs' Address:
c/o James D. "Mitch" Vilos
Attorney at Law, P.C.
PO Box 1148
Centerville, Utah 84014
Tel: 801 560 7117
Fax: 1 801 315 1555
email: mitchvilos@gmail.com

/S/ James D. "Mitch" Vilos
James D. Vilos Attorney
for Plaintiff